BROWN GAVALAS & FROMM LLP
Peter Skoufalos
505 Fifth Avenue
New York, New York 10017
E-mail: pskoufalos@browngavalas.com
Tel: (212) 983-8500
Fax: (212) 983-5946

*Attorneys for Petitioner*
SPLIETHOFF TRANSPORT B.V.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
SPLIETHOFF TRANSPORT B.V.,

              *Petitioner*,

   -against-

PHYTO-CHARTER INC.,

              *Respondent*.
-----------------------------------------------------X

20 Civ. 3283

**VERIFIED PETITION FOR ORDER
COMPILING ARBITRATION AND
FOR APPOINTMENT OF
<u>ARBITRATOR</u>**

      Petitioner, SPLIETHOFF TRANSPORT B.V. ("Spliethoff" or "Petitioner"), by its

attorneys, Brown Gavalas & Fromm LLP, for its verified petition to compel Respondent,

PHYTO-CHARTER INC. ("Phyto" or "Respondent") to arbitrate and for the Court to appoint

Respondent's arbitrator, alleges as follows:

      1.     This petition to compel arbitration is made pursuant to 28 U.S.C. § 1333 and in

accordance with the provisions of the Federal Arbitration Act, 9 U.S.C. § 1 et seq. and § 201 et

seq. (hereinafter "FAA"). This Court has jurisdiction over this matter in that the dispute involves

a claim for breach of an agreement to charter a vessel, which constitutes an admiralty and

maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  This

Court also has jurisdiction under 9 U.S.C. § 202 in that there is an arbitration agreement

involving foreign corporations which falls under the Convention on the Recognition and

Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 et seq. ("New York Convention").

## THE PARTIES

2.      At all material times, Petitioner was and still is a foreign corporation organized

and existing pursuant to the law of The Netherlands and, at all relevant times, was the disponent

owner of the M/V DELTAGRACHT (the "Vessel").

3.      At all material times, Respondent, a corporation formed in the State of Maine,

with an office at 141 Water Street, Eastport, Maine, was the charterer of the Vessel.

## PARTIES' AGREEMENT FOR THE CHARTER OF THE VESSEL

4.      On or about November 26, 2019, Petitioner and Respondent entered into an

agreement whereby Respondent agreed to charter (i.e. lease) the Vessel from Petitioner for a

voyage from Eastport, Maine to Aarhus, Denmark to transport a cargo of approximately 6,200

metric tons of woodchips in bulk (the "Charter Agreement"). Attached hereto as Exhibit "A" is a

true and correct copy of the email dated November 26, 2019 from brokers Clarkson Platou

Shipbroking confirming the formation of the Charter Agreement and its main terms.

5.      Pursuant to the Charter Agreement, at Clause 6, Respondent was required to load

the cargo of woodchips aboard the Vessel upon the Vessel's arrival at the load port in Eastport,

Maine between December 11 and 20, 2019.

6.      Pursuant to the Charter Agreement, at Clause 9, Respondent agreed to pay

Petitioner lump-sum freight in the amount of $542,500.00.

7.      Pursuant to the Charter Agreement, at Clause 12, the parties agreed that all

disputes arising under their agreement would be subject to arbitration in New York and subject

to the laws of the United States and New York.  Specifically, the arbitration clause of the Charter

Agreement provides as follows:

> **12.    Contract Law and Arbitration**
> US/NY law to apply with ga/arbitration to be in NY, small claims procedure to
> apply for claims usd 100,000 or less.

## RESPONDENT'S REPUDIATION AND BREACH OF THE CHARTER AGREEMENT

8.    On or about December 9, 2019, Respondent, through its brokers, advised

Petitioner that it would not have the cargo of woodchips available to load aboard the Vessel upon

its arrival in Eastport, Maine on December 11, 2019, as required by the Charter Agreement.   On

that same date, Petitioner advised Respondent that the Vessel was available to load the cargo of

woodchips and that any time incurred by Petitioner awaiting the loading of the cargo would be at

Respondent's expense in accordance with the demurrage provisions (i.e. contract terms

compensating the Petitioner for delays in loading the required cargo) of the Charter Agreement.

9.    On December 10, 2019, Respondent advised Petitioner that it "will not have cargo

available for loading" aboard the Vessel as required by the Charter Agreement and repudiated

further performance of the Charter Agreement.

## RESPONDENT'S FAILURE TO ARBITRATE AND APPOINT AN ARBITRATOR

10.    On January 31, 2020, a demand for arbitration was served on Respondent to

obtain payment for the freight due from Respondent under the Charter Agreement.  Petitioner's

Demand for Arbitration (i) demanded arbitration in New York in accordance with Clause 12 of

the Charter Agreement; (ii) detailed the amount of Petitioner's claim; and, (iii) appointed Mr.

Thomas Fox as Petitioner's arbitrator.  On that same date, Respondent acknowledged receipt of

Petitioner's Demand for Arbitration.  Attached hereto as Exhibits "B" and "C" are true and

correct copies of Petitioner's Demand for Arbitration and Respondent's acknowledgement of same.

11.     Despite repeated demands that Respondent appoint its arbitrator and proceed with arbitration in New York in accordance with Clause 12 of the Charter Agreement, Respondent has refused to proceed with the arbitration and to appoint its arbitrator.

### REQUEST FOR RELIEF

12.     Pursuant to the FAA and the New York Convention, the Court has the power to appoint an arbitrator on behalf of Respondent and to order that the arbitration proceed forthwith pursuant to the Federal Arbitration Act and the New York Convention.  9 U.S.C. §§ 4, 5 and 206. Petitioner respectfully requests the Court to exercise this power.  To assist the Court in its designation, a complete current list of the Roster of Arbitrators of the Society of Maritime Arbitrators, Inc. is attached here to as Exhibit "D".

13.     Petitioner has duly performed all its obligations to Respondent under the Charter Agreement.

14.     No previous application has been made to this Court, or any other court or judge, for the order and relief sought herein.

**WHEREFORE**, Petitioner requests that this Court issue an Order:

(i)     Appointing an arbitrator on behalf of Respondent and directing Respondent to proceed to arbitration forthwith, or, upon its failure to so proceed, directing that the arbitration proceed forthwith without Respondent; and

(ii)     Awarding Petitioner costs and attorneys' fees associated with this petition; and

(iii)     Granting such other and further relief as may be just in the circumstances.

Dated: New York, New York
          April 27, 2020

4

s/ Peter Skoufalos
PETER SKOUFALOS
BROWN GAVALAS & FROMM LLP
505 Fifth Avenue
New York, New York 10017
E-mail: pskoufalos@browngavalas.com
Tel: (212) 983-8500
Fax: (212) 983-5946
*Attorneys for Petitioner,*
SPLIETHOFF TRANSPORT B.V.

## ATTORNEY VERIFICATION

State of New York   )
                )   ss:
County of New York )

Peter Skoufalos, an attorney at law, duly admitted to practice in the Court of the State of New York, affirms under penalty of perjury:

1.   I am the attorney for the Petitioner in this matter and have read the foregoing Verified Petition to Compel Arbitration, know the contents thereof and upon information and belief, I believe the matters alleged therein to be true.

2.   The source of my information and the grounds for my belief are communications, documents and reports contained in my file and provided to me by our client.

_____
Peter Skoufalos

_____
Notary Public
STATE OF NEW YORK
COUNTY OF NASSAU
FRANK J. RUSSO, JR.
ID NO: 02RU6208978
My Commission expires 8/29/21

6

6