UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SPLIETHOFF TRANSPORT B.V.,
                    Petitioner,

-v-

PHYTO-CHARTER INC.,
                    Respondent.

20-CV-3283 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

    This is a case in which Petitioner Spliethoff Transport B.V. seeks an order compelling Respondent Phyto-Charter Inc. to submit to arbitration in New York and appointing an arbitrator on Phyto-Charter's behalf. On September 25, 2020, Phyto-Charter filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Dkt. No. 13.) In the same filing, Phyto-Charter opposed the petition on the merits, arguing that it fails because Spliethoff and Phyto-Charter never concluded an agreement to arbitrate. (*Id.*) For the reasons that follow, Phyto-Charter's motion is denied, and Spliethoff's petition is granted.

I.    **Discussion**

    9 U.S.C. § 4 provides that "[a] party aggrieved by the alleged failure . . . to arbitrate under a written agreement for arbitration may [file a] petition [in] any United States district court which, save for such agreement, would have jurisdiction under title 28" with respect to the underlying dispute. In its motion to dismiss, Phyto-Charter concedes that Spliethoff has pleaded an admiralty dispute over which the Court could have jurisdiction pursuant to 28 U.S.C. § 1333. (Dkt. No. 13-1 at 6.) Phyto-Charter argues, however, that the Court lacks jurisdiction because Spliethoff cannot show that it has been aggrieved by Phyto-Charter's failure to adhere to a

1

written agreement for arbitration. (*Id*.) Phyto-Charter contests whether such an agreement exists at all.

In characterizing this argument as one regarding jurisdiction, Phyto-Charter misapprehends the function of 9 U.S.C. § 4. Congress did not intend for agreements to arbitrate to create subject matter jurisdiction. *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62–63 (2d Cir. 2009) ("Congress did not intend the Arbitration Act," including 9 U.S.C. § 4, "as a grant of jurisdiction.") Quite the opposite. It is well understood that agreements to arbitrate affect "the Court's power to hear a case" and that motions to compel arbitration pursuant to such agreements are, in many ways, akin to motions to dismiss for lack of subject matter jurisdiction. *Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 181 (S.D.N.Y. 2018). What 9 U.S.C. § 4 does, then, is clarify that federal courts are empowered to hear petitions to compel arbitration notwithstanding the presence of an agreement to arbitrate. Nothing in 9 U.S.C. § 4 suggests that the absence of an agreement vitiates a federal court's ability to hear a case over which it already has jurisdiction. *See, e.g., Application of Whitehaven S.F., LLC v. Spangler*, 45 F. Supp. 3d 333, 343–44 (S.D.N.Y. 2014) (analyzing jurisdiction and the validity of the disputed arbitration clause separately). Phyto-Charter's motion to dismiss for lack of subject matter jurisdiction fails.

Phyto-Charter also challenges that Spiethoff has failed to state a claim and that the petition should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Because this challenge engages the merits of Spiethoff's petition, the Court construes this as Phyto-Charter's opposition to the petition. *See* 9 U.S.C. § 6 ("Any application to the court [under the Arbitration Act] shall be made and heard in the manner provided by law for the making and hearing of motions"). The opposition, like Phyto-Charter's Rule 12(b)(1) motion, focuses on whether an

agreement to arbitrate actually exists. Phyto-Charter does not contest that it concluded a valid agreement with Spiethoff or that the parties' underlying dispute arises under that agreement. Nor does Phyto-Charter contest that it has failed or refused to arbitrate the underlying dispute. Instead, Phyto-Charter debates the effect of the contract language that Spiethoff construes as an agreement to arbitrate:

> **12. Contract Law and Arbitration**
>
> US/NY law to apply with ga/arbitration to be in NY, small claims procedure to apply for claims usd 100,000 or less.

(Dkt. No. 1-1 at 9.)

Phyto-Charter argues that Spiethoff "identifies a choice of laws and forum selection clause," not an agreement to arbitrate. (Dkt. No. 13-1 at 10.) Alternatively, Phyto-Charter contends that the clause "fails for indefiniteness" and thus lacks legal effect. (Dkt. No. 13-1 at 15.) But the daylight between a forum selection clause and an agreement to arbitrate eludes the Court. As the Supreme Court has explained, "[a]n agreement to arbitrate . . . is, in effect, a specialized kind of forum-selection clause that posits not only the situs of the suit but also the procedure to be used in resolving the dispute." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 (1974). Furthermore, the Second Circuit and the New York Court of Appeals have found agreements to arbitrate based on substantially similar language to the language at issue here. In *Ibeto Petrochemical Industries Ltd. v. M/T Beffen*, the Second Circuit affirmed the district court's decision to send a case to arbitration based on a term reading, "arbitration to be in London, English law to apply." 475 F.3d 56, 59, 65 (2d Cir. 2007); *see also Ore & Chem. Corp., v. Stinnes Interoil, Inc.*, 611 F. Supp. 237, 241 (S.D.N.Y. 1985) ("The arbitration agreements in this case contain only one sentence: 'Laws of the State of New York to Apply with Arbitration in New York.'"). Likewise, in *Bauer International Corp. v. Establissements Soules & Cie*, the New

3

York Court of Appeals rejected an appellant's argument "that the mere cryptic phrase 'Arbitration in New York' did not constitute a written agreement to submit any controversy . . . to arbitration." 25 N.Y.2d 871, 872 (1969). To the extent that agreements to arbitrate existed in *Ibeto Petrochemical Industries* and *Bauer International*, so too must an agreement to arbitrate exist between Phyto-Charter and Spiethoff. Indeed, the language at hand is more specific, and more indicative of an agreement to arbitrate, than was the language in *Ibeto Petrochemical Industries* or *Bauer International*: The latter half of the clause here specifies that a "small claims procedure [is] to apply for claims" up to $100,000. This makes plain that the overall clause sets forth the procedures for dispute resolution across large and small claims.

Because the underlying dispute is valued at $500,000, Phyto-Charter and Spiethoff have agreed to arbitrate it in New York. (Dkt. No. 1-2.) In light of Phyto-Charter's refusal to arbitrate the underlying dispute, the Court must grant Spiethoff's petition insofar as it seeks an order compelling Phyto-Charter's participation in the arbitration. *Wachovia Bank, Nat'l Ass'n v. VCG Special Opportunities Master Fund, Ltd.*, 661 F.3d 164, 172 (2d Cir. 2011) ("[W]here the undisputed facts in the record" permit the Court to determine the appropriateness of arbitration, the Court "may rule on the basis of that legal issue and avoid the need for further court proceedings." (internal quotation marks and citation omitted)); *accord Nat'l Union Fire Ins. Co. of Pittsburg v. Beelman Truck Co.*, 203 F. Supp. 3d 312, 317 (S.D.N.Y. 2016) ("The Court must grant the petition if there is no genuine issue of material fact regarding the requirements to compel arbitration.").

The chief remaining question is whether the Court is empowered to appoint an arbitrator on behalf of Phyto-Charter, as Spiethoff requests in its petition and reiterates in response to

4

Phyto-Charter's motion.[1] (Dkt. No. 1 at 3–4.) Under 9 U.S.C. § 5, the Court may appoint an arbitrator only when "there shall be a lapse in the naming of an arbitrator." Although Spiethoff has already appointed Thomas Fox, a member of the Society of Maritime Arbitrators, as an arbitrator, it did so with the expectation that Phyto-Charter would also appoint an arbitrator and the two arbitrators would then appoint a third neutral arbitrator. (Dkt. No. 18 at 11.) Rather than accept Spiethoff's invitation to appoint an arbitrator on Phyto-Charter's behalf in the first instance, the Court will give Phyto-Charter 14 days to either (1) appoint a second arbitrator or (2) agree to Spiethoff's selection of Thomas Fox, in which case the arbitration will proceed as a single-arbitrator arbitration. If Phyto-Charter does neither, the Court will appoint a single arbitrator from the members of the Society of Maritime Arbitrators.

## II. Conclusion

For the foregoing reasons, Phyto-Charter's motion to dismiss is DENIED, and Spiethoff's petition is GRANTED to the extent that the Court hereby compels arbitration of the parties' dispute. The Court defers decision on Spiethoff's additional request that the Court appoint an arbitrator. Phyto-Charter shall, on or before May 27, 2021, (1) appoint a second arbitrator or (2) agree to Spiethoff's selection of Thomas Fox, in which case the arbitration will proceed with a single arbitrator. If Phyto-Charter does neither, the Court will appoint a single arbitrator.

---

[1] In briefing the pending motion, the parties do not discuss the petition's request that the Court "[a]ward[] Petitioner costs and attorneys' fees associated with this petition." (Dkt. No. 1 at 4.) Spiethoff "does not cite any authority for the proposition that a court may award attorney's fees and costs in such a case as that at bar," and the request is denied. *Doctor's Assocs., Inc. v. El Turk*, 17-cv-2019, 2018 WL 3238701, at *11 (D. Conn. Feb. 28, 2018); *see also Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd.*, 10-cv-1853, 2011 WL 1002439, at *2 (S.D.N.Y. Mar. 16, 2011) (granting fees and costs only because the agreement containing the arbitration clause provided for them and the respondent had acted in bad faith).

The Clerk of Court is directed to close the motion at Docket Number 13.

SO ORDERED.

Dated: May 13, 2021
      New York, New York

                                                  J. PAUL OETKEN
                                          United States District Judge