BROWN GAVALAS & FROMM LLP
60 East 42nd Street, Suite 4600
New York, New York 10165
Tel: (212) 983-8500
Fax: (212) 983-5946
*Attorneys for Petitioner* SPLIETHOFF TRANSPORT B.V.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

SPLIETHOFF TRANSPORT B.V.,

                                          20 Civ. 3283 (JPO)

            *Petitioner*,

     -against-

PHYTO-CHARTER INC.,

            *Respondent*.

-----------------------------------------------------X

## SPLIETHOFF'S MEMORANDUM OF LAW IN OPPOSITION TO RESPONDENT'S MOTION TO STAY PROCEEDINGS AND TO DISQUALIFY COUNSEL

Petitioner, Spliethoff Transport B.V. ("Spliethoff"), submits this memorandum of law in opposition to the newly filed motions of Respondent, Phyto-Charter Inc. ("Phyto-Charter") to "Stay Proceedings" (ECF No. 41) and to "Disqualify Counsel" (ECF No. 42). This memorandum of law is also in further support of Spliethoff's Cross-Motion to Recognize and Confirm a commercial arbitration award handed down by an arbitrator in New York City on September 15, 2022 (the "Award") (ECF No. 38-40).

<u>**INTRODUCTION AND PROCEDURAL BACKGROUND**</u>

As Spliethoff has noted in its earlier submissions, Phyto-Charter has taken every possible step to prolong, delay and avoid these confirmation proceedings, just as it did when the parties were last before the Court. At that time, Phyto-Charter had refused to arbitrate a maritime contractual dispute forcing Spliethoff to successfully compel arbitration. (ECF No. 25). Then, Phyto-Charter filed a jurisdictionally deficient appeal of this Court's order compelling Phyto-Charter to arbitrate, which was dismissed by the Second Circuit. (ECF No. 33). Following the dismissal of the appeal, Phyto-Charter refused to appoint an arbitrator, requiring the parties to once again appear before the Court so it could appoint an arbitrator to hear Spliethoff's claim. (ECF No. 32). When the parties finally proceeded with arbitration, and Spliethoff was awarded damages, costs and attorney's fees (none of which have been paid to date), Phyto-Charter filed sixty-six pages of legal argument and hundreds of pages of exhibits, arguing for vacatur of the Award. Now, consistent with its purposeful effort to obstruct enforcement of the Awards, Phyto-Charter has filed two additional frivolous motions, further delaying matters and compounding Spliethoff's legal costs.

Indeed, Phyto-Charter's latest submissions are nothing more than a re-hash—a second bite at the apple—of its earlier filings, but now add a request for a stay and disqualification of

1

counsel. However, the latest filings provide no support at all for the "new" relief requested, and fail for the same reasons as Phyto-Charter's request for post-arbitral discovery.

In its cross-motion to confirm the Award (ECF No. 38-40), Spliethoff demonstrated that all of the conditions for recognition and enforcement of the Award are present here. Furthermore, Spliethoff has fully addressed Phyto-Charter's challenges to the Award under Section 10 of the Federal Arbitration Act (FAA). The matter is ready for determination under the FAA and the New York Convention. Phyto-Charter should no longer be permitted to undermine the clear principle that "[a]rbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Rich v. Spartis*, 516 F.3d 75, 81 (2d Cir. 2008).

## ARGUMENT

### I.   A STAY SHOULD BE DENIED AND THE COURT SHOULD RULE ON THE COMPETING MOTIONS TO CONFIRM OR VACATE THE AWARD

Phyto-Charter's current motion seeks a 90-day stay to obtain discovery of written communications between Spliethoff's counsel and arbitrator Charles B. Anderson and, relatedly, disqualification of Spliethoff's counsel for purposes of that discovery. (ECF No. 41 at pg. 2). The purported basis for this relief is that the competing motions to vacate and confirm the Award are akin to summary judgment motions and Phyto-Charter "has not had the opportunity to undertake general discovery." *Id.* at pg. 8. This is the precise argument made in Phyto-Charter's initial motion to vacate under FAA Section 10 (ECF No. 35), and to which Spliethoff responded in its opposition submissions. Further, the issue on which Phyto-Charter seeks discovery— communications with the arbitrator—has already been addressed in the Skoufalos Declaration, accompanying Spliethoff's motion to confirm the Award. (ECF No. 39). Accordingly, the

current motions should be denied for the same reasons, and under the same authorities, rejecting post-arbitral discovery.

The FAA is intended to provide a 'streamlined' process for a party seeking 'a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it. *Hall Street Assocs. LLC v. Mattel, Inc.*, 552 U.S. 576 (2008). One of the grounds for vacatur on which Phyto-Charter appears to rely is FAA Section 10(a)(2) (evident partiality or corruption of the arbitrators). As Spliethoff's submissions demonstrate, "[t]he showing required to avoid summary confirmation of an arbitration award is high, and a party moving to vacate that award has the burden of proof." *Willemijn Houdstermaatschappij, B.V. v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997). That burden is even higher for a party asserting evident partiality. *See Scandinavian Reinsurance Co. Ltd. v. Saint Paul Fire and Marine Ins. Co.*, 668 F.3d 60, 76 n.21 (2d Cir. 2012); *Certain Underwriting Members of Lloyds of London v. Florida*, 892 F.3d 501, 504 (2d Cir. 2018).

Courts "will not vacate arbitration awards for evident partiality when the party opposing the award 'identifies no direct connection between [the arbitrator] and the outcome of the arbitration.'" *Certain Underwriting Members of Lloyds of London*, 892 F.3d at 507 (quoting *Merck & Co., Inc. v. Pericor Therapeutics, Inc.*, 2016 U.S. Dist. LEXIS 112976, 2016 WL 4491441, at *19 (S.D.N.Y. Aug. 24, 2016)). Further, there must be "'a showing of something more than the mere "appearance of bias" to vacate an arbitration award.'" *Id.* Factors to consider are any financial interest the arbitrator has in the proceeding; the directness of the alleged relationship between the arbitrator and a party; and the timing of the relationship with respect to the arbitration proceeding. *Transportes Coal Sea de Venezuela C.A. v. SMT Shipmanagement & Transp. Ltd.*, 2007 U.S. Dist. LEXIS 1802, at * 9 (S.D.N.Y. Jan. 9, 2007).

3

Discovery in a post-arbitration judicial proceeding is available only in very limited circumstances in a Section 10 challenge, none of which are present here.  *See, e.g.*, *Lyeth v. Chrysler Corp.*, 929 F.2d 891, 898-99 (2d Cir. 1991); *Sanko Steamship Co. v. Cook Industries*, 495 F.2d 1260, 1264-65 (2d Cir. 1973); *Manny Pollak & Co. v. Shelgem Ltd.*, 1993 U.S. Dist. LEXIS 8862, *3 (S.D.N.Y. June 30, 1993); *see also Andros Compania Maritima, S.A. v. Marc Rich & Co., A.G.*, 579 F.2d 691, 700 (2d Cir. 1978) (clear evidence of impropriety required).

In the absence of anything in the record approaching "clear evidence of impropriety," arbitrator testimony should not be compelled. *See Sidarma Societa Italiana di Armamento Spa v. Holt Marine Industries, Inc.*, 515 F. Supp. 1302, 1309 (S.D.N.Y. 1991) ("clear evidence of impropriety" required to compel arbitrators to testify on their deliberations).  Instead, where there is "nothing in the record which suggests the existence of any extraordinary secret deal between [Itoh] and [the arbitrator's] employer," the Award should be confirmed.  *Cook Industries, Inc. v. C. Itoh & Co. (America) Inc.*, 449 F.2d 106 (2d Cir. 1971), *cert. denied*, 405 U.S. 921 (1972).

With respect to *ex parte* communications, "to establish prejudice, there must be a causal connection between the arbitrator's conduct and the award adverse to the [movant's] interest.").  Actual prejudice is misconduct that amounts to a "denial of the fundamental fairness of the arbitration proceeding." *Roche v. Local 32 B-32J Service Employees Int'l Union*, 755 F. Supp. 622, 624 (S.D.N.Y. 1991)(quoting *Transit Casualty Co. v. Trenwick Reinsurance Co., Ltd.*, 659 F. Supp. 1346, 1354 (S.D.N.Y. 1987).  There must be "'a showing of something more than the mere "appearance of bias" to vacate an arbitration award.'" *Certain Underwriting Members of Lloyds of London*,  892 F.3d at 507 (quoting *Morelite Constr. Corp. v. New York City Dist. Council Carpenters Ben. Funds*, 748 F.2d 79, 83 (2d Cir. 1984)).

Phyto-Charter has not shown that any of the criteria identified by courts as indicators of "the alleged interest and bias of an arbitrator" are present on this record. *Transportes Coal Sea de Venezuela C.A.*, 2007 U.S. Dist. LEXIS 1802, at *4 (S.D.N.Y. Jan. 9, 2007). It has not argued or shown that Arbitrator Anderson had a financial interest in the arbitration proceeding. Nor has Phyto-Charter argued or shown that Mr. Anderson had a relationship with any party to the proceeding, or that any such asserted relationship was close in time to the proceeding. Finally, Phyto-Charter has not argued or shown that there was a "direct connection between the arbitrator and the outcome of the arbitration." *Certain Underwriting Members of Lloyds of London*, 892 F.3d at 507.

Unsurprisingly, the cases Phyto-Charter cites in its current motions do not support what it is seeking here—a stay of proceedings to allow discovery in a post arbitral setting. Both *Berger v. United States*, 87 F.3d 60 (2d Cir. 1996) and *Hudson River Sloop Clearwater, Inc. v. Dept. of Navy*, 891 F.2d 414 (2d Cir. 1989) are non-FAA cases and merely address summary judgment standards. (DE 41 at pg. 8). *Drywall Tapers & Pointers of Greater N.Y. Loc. Union 1974 v. Viscal Contr. Servs. Corp.*, 2022 U.S. Dist. LEXIS 228151, *4 (S.D.N.Y. Dec. 9, 2022) simply makes clear that "[a] motion to confirm or vacate an [arbitration] award is generally accompanied by a record . . . [and] the petition and accompanying record should [be] treated as akin to a motion for summary judgment based on the movant's submissions." [1]

Post-arbitral discovery is both inappropriate and unnecessary, as would be a stay or disqualification of counsel to conduct discovery. The record before the Court is complete and a determination can be made on the parties' motions under the FAA.

---

[1] Beyond stating the well-established principle that courts have the inherent power to supervise attorneys who appear before them, none of the cases relied upon by Phyto-Charter support disqualification in the present case and none involves post-arbitral discovery in the context of a confirmation proceeding.  *See* ECF No. 42 at pg. 5.

## II.   THIS COURT SHOULD AWARD ATTORNEY'S FEES TO SPLIETHOFF

This Court should order Phyto-Charter to pay attorney's fees because the current motion has no colorable basis and was brought in bad faith.

Under a district court's "inherent power and 28 U.S.C. § 1927, 'any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Prospect Capital Corp. v. Enmon*, 2010 U.S. Dist. LEXIS 23477, at *10 (S.D.N.Y. Mar. 9, 2010), *aff'd* 675 F.3d 138 (2d Cir. 2012).

"Sanctions are only appropriate where (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, i.e., motivated by improper purposes such as harassment or delay." *Id.*; *accord First Nat'l Supermarkets Inc. v. Retail, Wholesale & Chain Store Food Employees Union Local 338*, 118 F.3d 892, 898 (2d Cir. 1997) (providing that in "actions for the confirmation and enforcement of arbitral awards," attorney's fees are appropriate "if the party challenging the award has refused to abide by an arbitrator's decision without justification").

Courts are particularly ready to grant attorney's fees where a party opposes an arbitration award on frivolous grounds and misrepresents the record. As one Court of Appeals explained: "When a party who loses an arbitration award . . . drags the dispute through the court system without an objectively reasonable belief it will prevail, the promise of arbitration is broken. Courts cannot prevent parties from trying to convert arbitration losses into court victories, but it may be that we can and should insist that if a party on the short end of an arbitration award attacks that award in court without any real legal basis for doing so, that party should pay

sanctions." *B.L. Harbert Int'l v. Hercules Steel Co.*, 441 F.3d 905, 914 (11th Cir.2006),

*abrogated in part on other grounds by Frazier v. CitiFinancial Corp.*, 604 F.3d 1313 (11th Cir.

2010); *see, e.g.*, *Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 708 (2d Cir. 1985)

(affirming award of sanctions where litigant submitted "frivolous, unreasonable, and groundless"

opposition to motion to confirm); *Prospect Capital Corp*, 2010 U.S. Dist. LEXIS 23477, at *15

(ordering sanctions where "Petitioner persisted in bringing frivolous arguments that

misrepresented the record "in opposing motion to confirm); *Quick & Reilly, Inc. v. Jacobson*,

126 F.R.D. 24, 27 (S.D.N.Y. 1989) (awarding sanctions where challenge to arbitration award

was "totally devoid of merit").

      Sanctions are appropriate here because Phyto-Charter's grounds for seeking vacatur have

no justification.  Each argument for vacatur is invalid under established binding precedent. Phyto-

Charter's argument that an experienced maritime arbitrator manifestly disregarded the law by

finding Phyto-Charter liable for breach of a maritime contract and awarding damages and costs to

Spliethoff, is baseless and unsupported.  As for Phyto-Charter's attempt to vacate the award under

Section 10 of the FAA, no evidence has been presented of the denial of the fundamental fairness

of the arbitration proceeding or the evident partiality of the arbitrator.

      In confirmation proceedings, "the guiding principle has been stated as follows: when a

challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and

costs may properly be awarded." *N.Y.C. Dist. Council of Carpenters Pension Fund v. Angel

Constr. Grp., LLC*, 2009 U.S. Dist. LEXIS 7701, at 2 (S.D.N.Y. Feb. 3, 2009) (citing *Int'l Chem.

Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir.

1985)). *see also, e.g., Dist. Council No. 9 v. All Phase Mirror & Glass*, 2006 U.S. Dist. LEXIS

34836, at *4 (S.D.N.Y. May 26, 2006) (noting that "when a party fails to abide by an arbitrator's

determination without justification . . . attorney's fees may be awarded").

Accordingly, attorneys fees should be awarded in favor of Spliethoff.[2]

## **CONCLUSION**

Phyto-Charter's current motions for a stay and to disqualify counsel, should be denied in

all respects.  The Award should be confirmed and judgment entered thereon.


Dated:  New York, New York
        February 15, 2023

                                        _____s/ Peter Skoufalos_____
                                        PETER SKOUFALOS
                                        BROWN GAVALAS & FROMM LLP
                                        60 East 42nd Street, Suite 4600
                                        New York, New York 10165
                                        E-mail: pskoufalos@browngavalas.com
                                        Tel: (212) 983-8500
                                        Fax: (212) 983-5946
                                        *Attorneys for Petitioner,*
                                        SPLIETHOFF TRANSPORT B.V.

---

[2] Spliethoff seeks leave to submit an appropriate attorney's declaration in support of its application for an award of attorneys' fees.