UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

SPLIETHOFF TRANSPORT B.V.,

                          Petitioner,

                -v-

PHYTO-CHARTER INC.,

                          Respondent.

20-CV-3283 (JPO)

OPINION AND ORDER

---------------------------------------------------------------

J. PAUL OETKEN, District Judge:

    Petitioner Spliethoff Transport B.V. commenced this action on April 27, 2020, seeking an order compelling arbitration and for the appointment of an arbitrator in its dispute with Respondent Phyto-Charter, Inc. over a breach of a maritime contract. (ECF No. 1.) The arbitration has now concluded. Pending before the Court are Phyto-Charter's motion to vacate the final arbitration award (ECF No. 34), Phyto-Charter's motion for leave to conduct discovery and serve a subpoena (ECF No. 35), Spliethoff's cross-motion to confirm the arbitration award (ECF No. 38), Phyto-Charter's motion to stay (ECF No. 41), and Phyto-Charter's motion to disqualify counsel (ECF No. 42). For the reasons that follow, Spliethoff's cross-motion to confirm the arbitration award is granted and Phyto-Charter's motions are denied.

**I.    Background**

    The Court assumes familiarity with the underlying facts of this case, as set forth in its May 13, 2021 opinion and order. (ECF No. 25.) On April 19, 2022, the Court appointed Charles B. Anderson to act as the single arbitrator in this dispute. (ECF No. 32.) On September 15, 2022, Anderson issued a final arbitration award (the "Final Award"), ordering that Phyto-Charter pay Spliethoff a total of $633,558.68, which includes $30,144 in Spliethoff's attorneys' fees and

1

costs. (ECF No. 39-2.) On December 13, 2022, Phyto-Charter filed its motion to reopen the case and vacate the Final Award, followed shortly thereafter by its motion for discovery. The crux of Phyto-Charter's argument is that Anderson acted with "evident partiality," as shown through certain "pre-award ex-parte communications" with counsel for Spliethoff. (ECF No. 35 at 2.) On January 25, 2023, Spliethoff files its cross-motion to confirm the Final Award.

On January 31, 2023, Phyto-Charter moved to disqualify Spliethoff's counsel, arguing that he entered into a corrupt agreement with Anderson to exchange payment for a favorable arbitration award. (ECF No. 42 at 1.) Phyto-Charter has also moved to stay the case to undertake discovery of the purported ex parte communications between Anderson and Spliethoff's counsel. (ECF No. 41.) According to Phyto-Charter, Anderson refused to issue the Final Award until the parties had each advanced a $7,500 payment for his arbitrator's fees. Upon Phyto-Charter's repeated refusal to advance the fee, Spliethoff ultimately advanced half of Phyto-Charter's fee ($3,750) so that the Final Award could be issued. (ECF No. 42-1 at 4.)

**II.     Legal Standard**

The "district court's authority to vacate an [arbitration] award 'is strictly limited in order to facilitate the purpose underlying arbitration: to provide parties with efficient dispute resolution, thereby obviating the need for protracted litigation.'" *Smarter Tools Inc. v. Chongqing SENCI Imp. & Exp. Trade Co.*, 57 F.4th 372, 378 (2d Cir. 2023) (quoting *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2d Cir. 2010)). Accordingly, "[t]he party moving to vacate an award 'bears the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law.'" *Id.* (quoting *Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004)). "Indeed, only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." *Id.* (citation and internal quotation marks omitted).

### III. Discussion

#### A. Motion to Vacate Final Arbitration Award

Phyto-Charter argues that the Court should vacate the Final Award because Anderson acted improperly in his decision to award Petitioner attorneys' fees and because Anderson's communications with Petitioner's counsel about his fees evinced bias.

##### 1. Manifest Disregard

Phyto-Charter first argues that Anderson acted with manifest disregard of the law. The district court may vacate an arbitration award based on manifest disregard of the law "only in those exceedingly rare instances where some egregious impropriety on the part of the arbitrator is apparent." *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2d Cir. 2010) (citation and internal quotation marks omitted) (cleaned up). "An arbitration award manifestly disregards the law only if '(1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well-defined, explicit, and clearly applicable to the case.'" *Smarter Tools Inc.*, 57 F.4th at 383 (quoting *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007)).

Here, Anderson provided a well-reasoned justification for his award of attorneys' fees to Petitioner: "The award of attorney fees is especially warranted in this case because of [Phyto-Charter's] refusal to accept Judge Oetken's ruling upholding the validity of the arbitration clause, causing the Claimant to incur substantial and unnecessary legal costs addressing the issue in these proceedings." (ECF No. 39-2 at 6.) Anderson's decision to exercise his arbitral authority over attorneys' fees was in line with applicable precedent, s*ee PaineWebber Inc. v. Bybyk*, 81 F.3d 1193, 1202 (2d Cir. 1996), and certainly satisfies the "barely colorable justification" standard.

3

### 2. Evident Partiality, Procedural Misconduct, and Exceeding Arbitral Power

Next, Phyto-Charter relies on certain provisions of the Federal Arbitration Act to argue that the Final Award must be vacated due to evident partiality or corruption (9 U.S.C. § 10(a)(2)), procedural misconduct (9 U.S.C. § 10(a)(3)), and the arbitrator's exceeding his powers (9 U.S.C. §10(a)(4)).

#### a. Evident Partiality

"'Evident partiality' within the meaning of 9 U.S.C. § 10 will be found where a reasonable person would *have* to conclude that an arbitrator was partial to one party to the arbitration." *Morelite Const. Corp. (Div. of Morelite Elec. Serv.) v. New York City Dist. Council Carpenters Ben. Funds*, 748 F.2d 79, 84 (2d Cir. 1984) (emphasis added). While "a conclusion of partiality can be inferred from objective facts inconsistent with impartiality," a showing of evident partiality "may not be based simply on speculation." *Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 72 (2d Cir. 2012) (citations and quotation marks omitted). The burden of proving evident partiality is on the party asserting bias. *Id.*

Phyto-Charter has failed to show that Anderson acted with evident partiality. On August 15, 2022, Anderson directed each party to deposit its half of his $15,000 fee into its respective escrow account. Phyto-Charter communicated that it would not do so, without giving any justification. In an email dated August 25, 2022, Anderson advised both parties that:

> As you aware, payment of the arbitrator's fees is the joint and several obligation of the parties. Should Phyto-Charter fail to make the required payment, Spliethoff may advance Phyto-Charter's share without prejudice and subject to its right to recover all or any portion of my fee that may be assessed against Phyto-Charter in the Final Award.

(ECF No. 39-9.) On September 1, 2022, Anderson contacted Spliethoff's counsel to ask whether it would pay Phyto-Charter's portion of the fees. It agreed to pay half. The Final Award was

4

issued on September 15, 2022.  These facts do not support a finding of partiality.  With respect to both ex parte communications and the arbitrator's fees, establishing bias requires a showing that there is "a causal connection between the arbitrator's conduct and the award adverse to the [party's] interest."  *United House of Prayer for All People of Church on the Rock of Apostolic Faith v. L.M.A. Int'l, Ltd.*, 107 F. Supp. 2d 227, 232 (S.D.N.Y. 2000) (citation omitted).  There is no causal connection shown here.  First, Anderson advised the parties that he was prepared to issue the Final Award as of August 22, 2022 — *before* Spliethoff made the payment.  (ECF No. 39-8.)  Phyto-Charter has offered no showing that the substance of the Final Award changed in any way after Spliethoff made the payment.  Second, Phyto-Charter was aware of the potential fee arrangement and Anderson did not act with bias in ensuring that his fee would be paid and the Final Award issued.  This conclusion is especially appropriate in light of Phyto-Charter's delay tactics throughout the history of this litigation.

### b.  Procedural Misconduct

Under 9 U.S.C. §10(a)(3), the district court may vacate an award where the arbitrator "refus[es] to hear evidence pertinent and material to the controversy."  Phyto-Charter's argument is difficult to parse, but it appears to assert that Anderson did not permit certain briefing and that he ruled based on inadmissible hearsay evidence.  "Courts have interpreted section 10(a)(3) to mean that except where fundamental fairness is violated, arbitration determinations will not be opened up to evidentiary review."  *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 20 (2d Cir. 1997) (citation and quotation marks omitted).  Additionally, "in making evidentiary determinations, an arbitrator need not follow all the niceties observed by the federal courts."  *Id.* (citation and quotation marks omitted).  Upon reviewing the submissions of both parties, the Court concludes that Phyto-Charter had ample opportunity to present its evidence and

arguments. (*See* ECF No. 40 at 17 – 18.) The notion that Anderson violated the tenet of fundamental fairness is unsupported.

          **c.**      **Exceeding of Arbitral Power**

Under 9 U.S.C. §10(a)(4), the court may set aside an award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." Phyto-Charter has presented no colorable argument or evidence in support of any such finding, and this claim necessarily fails.

Having offered no persuasive argument for the Court to vacate or modify the Final Award, Phyto-Charter's motion is denied.

    **B.**      **Cross-Motion to Confirm Final Arbitration Award**

Spliethoff cross-moves to confirm the Final Award. Under Section 207 of the Federal Arbitration Act, 9 U.S.C. § 207, the Court "shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the [New York] Convention." Courts in the Southern District have held that "upon the denial of a motion for vacatur, the Court must confirm an arbitration award." *Beljakovic v. Melohn Properties, Inc.*, No. 04 CIV. 3694, 2012 WL 5429438, at *4 (S.D.N.Y. Nov. 7, 2012), *aff'd*, 542 F. App'x 72 (2d Cir. 2013) (citation omitted); *see also* 9 U.S.C. § 9 ("[T]he court must grant [an order seeking confirmation] unless the award is vacated, modified, or corrected.").

Spliethoff's motion to confirm the Final Award is granted. Phyto-Charter's motions for discovery and a stay of the proceedings are denied as moot.

    **C.**      **Motion to Disqualify Counsel**

Phyto-Charter moves to disqualify Spliethoff's counsel, Peter Skoufalos, for entering into the alleged "corrupt" agreement with Anderson, as discussed above. (ECF No. 42 at 1.) "In view of their potential for abuse as a tactical device, motions to disqualify opposing counsel are

subject to particularly strict scrutiny." *Scantek Med., Inc. v. Sabella*, 693 F. Supp. 2d 235, 238 (S.D.N.Y. 2008) (collecting cases). "The Second Circuit requires a high standard of proof on the part of the party seeking to disqualify an opposing party's counsel in order to protect a client's right to freely choose counsel." *Kubin v. Miller*, 801 F. Supp. 1101, 1113 (S.D.N.Y. 1992). Phyto-Charter's motion to disqualify Skoufalos fails because, as discussed above, it has not made a colorable argument that he engaged in any improper conduct.

Spliethoff requests that the Court order Phyto-Charter to pay its attorneys' fees, on the premise that Phyto-Charter's arguments for vacatur of the Final Award were "frivolous, unreasonable, and groundless." (ECF No. 43 at 8.) Spliethoff is granted leave to submit a formal declaration in support of its application for an award of attorneys' fees. It shall do so within 21 days of the date of this Opinion and Order. Phyto-Charter may file a response within 21 days of any such submission.

## IV.     Conclusion

For the foregoing reasons, Petitioner's cross-motion to confirm the final arbitration award (ECF No. 38) is GRANTED.

Respondent's motion to vacate the final arbitration award (ECF No. 34), motion for discovery (ECF No. 35), motion to stay (ECF No. 41), and motion to disqualify counsel (ECF No. 42) are DENIED.

The Clerk of Court is directed to close the motions at ECF Nos. 35, 38, 41, and 42, to enter judgment confirming the arbitration award, and to close this case.

SO ORDERED.

Dated: September 18, 2023
New York, New York

_____
J. PAUL OETKEN
United States District Judge