UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SPLIETHOFF TRANSPORT B.V.,
                       Petitioner,

               -v-

PHYTO-CHARTER INC.,
                       Respondent.

20-CV-3283 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

      Petitioner Spliethoff Transport B.V. ("Spliethoff") applies for attorney's fees incurred in successfully opposing four motions filed by Respondent Phyto-Charter Inc. ("Phyto-Charter") related to an arbitration award. (ECF No. 50; ECF No. 51.) For the reasons that follow, Spliethoff's request for attorney's fees is granted and Phyto-Charter's motion for a stay of proceedings is denied.

**I.    Background**

      The Court assumes familiarity with the underlying facts and the procedural history of this case, as set forth in its May 2021 opinion and order, No. 20-CV-3283, 2021 WL 1947772 (S.D.N.Y. May 13, 2021) (ECF No. 25), and its September 2023 opinion and order, No. 20-CV-3283, 2023 WL 6066247 (S.D.N.Y. Sept. 18, 2023) (ECF No. 44). As relevant here, the Court, in its May 2021 opinion, granted Spliethoff's petition to compel Phyto-Charter to submit to arbitration over a maritime dispute. 2021 WL 1947772, at *3 (ECF No. 25 at 5). On April 15, 2022, the Second Circuit dismissed Phyto-Charter's appeal of the May 2021 opinion for lack of jurisdiction. *Spliethoff Transp. B.V. v. Phyto-Charter Inc.*, No. 21-1359, 2022 WL 1122684, at *2 (2d Cir. Apr. 15, 2022) (summary order).

      After Phyto-Charter refused to comply with the Court's order either to appoint an arbitrator for the proceedings or agree to Spliethoff's selection of an arbitrator, the Court, on

April 19, 2022, appointed a single arbitrator to hear the dispute. (ECF No. 32.) On September 15, 2022, the arbitrator issued a final arbitration award, ordering that Phyto-Charter pay Spliethoff a total of $633,558.68, including $30,144 in attorney's fees and costs. (ECF No. 39-2.) Phyto-Charter has not paid any amount of the award.

Beginning in December 2022, Phyto-Charter filed four separate post-award motions: a motion to vacate the final arbitration award (ECF No. 34); a motion for leave to conduct discovery and serve a subpoena (ECF No. 35); a motion to stay (ECF No. 41); and a motion to disqualify counsel (ECF No. 42). Spliethoff filed a cross-motion to confirm the award. (ECF No. 38.) In its September 2023 opinion, the Court denied all of Phyto-Charter's motions and confirmed the arbitration award. 2023 WL 6066247 at *4 (ECF No. 44 at 7). The Court also granted Spliethoff leave to apply for an award of attorney's fees based on the premise that Phyto-Charter's arguments for vacatur of the award were "frivolous, unreasonable, and groundless." 2023 WL 6066247 at *4 (ECF No. 44 at 8). On October 26, 2023, Spliethoff filed its application for attorney's fees. (ECF No. 50; ECF No. 51.) In response, Phyto-Charter filed a motion on October 31, 2023 to stay proceedings pending its appeal of the Court's September 2023 opinion and order. (ECF No. 52.) Spliethoff filed its opposition to Phyto-Charter's motion to stay on November 2, 2023. (ECF No. 53.)

## II.     Legal Standard

Under its inherent equitable powers, the Court "may award attorney's fees when the opposing counsel acts in bad faith, vexatiously, wantonly, or for oppressive reasons. As applied to suits for the confirmation and enforcement of arbitration awards, . . . when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF*

*Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) (internal citations and quotation marks omitted).

**III.     Discussion**

Phyto-Charter's obstructive behavior and dilatory tactics have marked every stage of this needlessly protracted litigation.  Despite the existence of a valid agreement to arbitrate, Phyto-Charter refused to arbitrate a maritime contractual dispute, forcing Spliethoff to petition the Court to compel arbitration.  In a summary order, the Second Circuit dismissed Phyto-Charter's subsequent appeal of the Court's order compelling arbitration for lack of jurisdiction.  *Spliethoff*, 2022 WL 1122684 at *2.  Following the dismissal of its appeal, Phyto-Charter refused to appoint an arbitrator, thereby necessitating the Court's intervention once again.  (ECF No. 32.)  After the Court-appointed arbitrator issued an award in favor of Spliethoff for damages, costs, and attorney's fees, Phyto-Charter refused to pay any amount of the award or the arbitrator's fees.  Instead, Phyto-Charter filed a motion to vacate the award, along with three additional post-award motions—all of which the Court denied.

In its September 2023 opinion and order, the Court concluded that each of Phyto-Charter's motions lacked any justification.  Phyto-Charter's arguments for vacatur all failed under established precedent.  Phyto-Charter's contention that the arbitrator acted with manifest disregard of the law was entirely unsupported by the record.  Phyto-Charter's attempt to vacate the award based upon certain provisions of the Federal Arbitration Act was similarly groundless, as Phyto-Charter failed to offer any evidence that it was denied fundamental fairness in the arbitration proceeding or that the arbitrator was evidently partial.  The Court similarly denied Phyto-Charter's motion to disqualify counsel because Phyto-Charter failed to make any colorable argument that counsel engaged in improper behavior.  The Court also observed that its conclusions were "especially appropriate in light of Phyto-Charter's delay tactics throughout the

history of this litigation." 2023 WL 6066247 at *3 (ECF No. 44 at 5).  Based upon Phyto-Charter's history of obstructive behavior, it is not difficult to conclude that the four post-award motions were merely the latest of its frivolous and bad-faith attempts to refuse to abide by the arbitrator's decision.

Phyto-Charter has not relented in its employment of vexatious tactics.  After Spliethoff applied for attorney's fees, Phyto-Charter failed to file a response addressing the merits of Spliethoff's fee application.  Instead, Phyto-Charter filed a "motion to stay" further consideration of the fee application on the grounds that Phyto-Charter has raised "meritorious issues" in its appeal to the Second Circuit.  (ECF No. 52.)  But instead of addressing the four traditional stay factors as required by Supreme Court precedent, *see Nken v. Holder*, 556 U.S. 418, 425-26 (2009), Phyto-Charter merely offers the most perfunctory of restatements of its failed arguments in this litigation.  Nowhere in its cursory, confused, and irrelevant analysis does Phyto-Charter even approach demonstrating a likelihood of success on the merits, irreparable harm absent a stay, or a favorable balancing of the equities.  Because Phyto-Charter has failed to carry its burden of justifying its stay and has failed to oppose Spliethoff's fee application on the merits, the Court concludes, under its equitable powers, that an award of attorney's fees is proper in this case.  Specifically, the Court finds that counsel for Phyto-Charter has acted vexatiously, wantonly, and in bad faith in refusing to abide by the arbitrator's decision without justification.

Spliethoff requests $10,895.00 in attorney's fees.  In determining whether a requested fee is reasonable, courts look to the total hours billed and the rates at which those hours were billed.  "A reasonable hourly rate is what a reasonable, paying client would be willing to pay." *N.Y.C. & Vicinity Dist. Council of Carpenters v. Plaza Constr. Grp., Inc.*, No. 16-CV-1115, 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (internal quotation marks omitted).  An attorney's hourly rate is considered reasonable when it is "in line with those prevailing in the community

for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

To allow the Court to determine whether time was reasonably expended, "[a]pplications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). These applications should exclude "[h]ours that are excessive, redundant, or otherwise unnecessary." *Id.* (internal quotation marks omitted).

In support of its application for attorney's fees, Spliethoff has submitted an invoice from its law firm, Brown Gavalas & Fromm LLP, reflecting 30.4 hours of partner time billed at $325 per hour, 6.5 hours of associate time billed at $130 per hour, and 1.7 hours of paralegal time billed at $100 per hour. (ECF No. 50.) After reviewing Petitioner's counsels' time records, the Court first finds that these 36.6 hours spent on this case were reasonable and not duplicative. The Court further finds that the requested rates per hour are reasonable. Accordingly, Spliethoff's request for attorney's fees is granted.

## IV. Conclusion

For the foregoing reasons, Petitioner's application for attorney's fees in the amount of $10,895.00 is GRANTED. Respondent's motion for a stay of proceedings is DENIED.

Respondent Phyto-Charter Inc. is hereby ordered to pay the amount of $10,895.00 in attorney's fees to Petitioner Spliethoff Transport B.V.

The Clerk of Court is directed to close the motion at ECF Number 52.

SO ORDERED.

Dated: April 22, 2024
New York, New York

_____
J. PAUL OETKEN
United States District Judge